UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LINH TA HUYNH,

Petitioner,

v.

MARKWAYNE MULLIN, ET AL.,

Respondents.

Case No. 26-cv-06528-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Linh Ta Huynh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release. (Dkt. No. 1 ("Petition").) Petitioner claims that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. (*Id.*) He also claim that Immigration and Customs Enforcement ("ICE") disobeyed its own regulations, resulting in a violation of Petitioner's regulatory and due process rights. (*Id.*) The Court concludes that Petitioner prevails on his *Zadvydas* claim and so will address that claim only.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens

detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. BACKGROUND

Petitioner, a citizen of Vietnam, entered the United States in 1981 as an immigrant. (Dkt. No 1-2 ("Huynh Decl.") ¶ 1; Dkt. No. 4-1 ("Ontiveros-Alexander Decl.") ¶ 7.) He became a legal permanent resident, (Huynh Decl. ¶ 2), but then lost his status and was ordered removed in December 2006 due to criminal convictions. (*Id.*; Ontiveros-Alexander Decl. ¶ 10.) "On March 3, 2007, Petitioner was released from ICE custody under an Order of Supervision because ICE was unable to obtain a travel document for Petitioner." (Ontiveros-Alexander Decl. ¶ 11.) Petitioner has been re-detained by ICE three prior times, each following an arrest by local law enforcement. (*Id.* ¶ 12.) In each instance, Petitioner was subsequently released. (*Id.*)

On October 31, 2026, Petitioner was arrested by local police. (*Id.* ¶ 13.) On November 1, 2026, Petitioner was released from the San Diego County Jail and was taken into custody by ICE. (*Id.* ¶ 14.) The booking agent told Petitioner that ICE still did not have the documents necessary to remove him. (Huynh Decl. ¶ 6.) Respondents acknowledge they do not have the travel documents and state that they are in the process of trying to obtain them. (Ontiveros-Alexander Decl. ¶¶ 15-19.) Respondents allege that Petitioner has not cooperated in this process. (*Id.*) Even so, immigration officials have requested his administrative file, which has the information necessary to request the travel document and begin the removal process. (*Id.*)

## III. ANALYSIS

When a non-citizen is ordered removed, the government is generally required to detain them for ninety days pending efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(2)(A). This ninety-day period is referred to as the "removal period." *Id.* § 1231(a)(1)(A). After the removal period ends, Section 1231's plain language neither requires nor explicitly places limits on any further detention. *Id.* § 1231(a)(6) (individuals "*may* be detained beyond the removal period") (emphasis added). However, the Supreme Court has found that Section 1231 "limits a

[non-citizen]'s post-removal-period detention to a period reasonably necessary to bring about [their] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689.

To reach this determination, the Supreme Court found that Section 1231 was ambiguous, and read in a reasonable time limit after analyzing the statute's legislative history and finding no evidence "clearly demonstrat[ing] a congressional intent to authorize indefinite, perhaps permanent, detention." *Id.* at 699. "[I]nterpreting the statute to avoid a serious constitutional threat," the Supreme Court "conclude[d] that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* It further held that a six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a petitioner satisfies their initial burden, the burden then shifts to the government to rebut that showing. *Id.*

It is undisputed that Petitioner was ordered removed in 2006. Therefore, under *Zadvydas*, the presumptively reasonable period of detention to effectuate his removal has long passed. *See also Castro-Napoles v. Noem*, No. 26-CV-03212-RFL, 2026 WL 1720963, at *3 (S.D. Cal. June 15, 2026) (explaining that the six-month period begins to run when the removal order becomes final). Petitioner further identifies good reason to believe there is no significant likelihood that he will be removed in the reasonably foreseeable future. First, he points to the fact that Respondents have not successfully removed him in the nearly twenty years since his removal order became final. Second, Petitioner notes that ICE has re-detained him multiple times and was not able to remove him on any of those occasions. Third, Petitioner notes that the government still does not have the travel documents needed for his removal.

Respondents argue that they have rebutted Petitioner's showing. However, the only evidence Respondents have introduced is a declaration stating that they have requested Petitioner's administrative file and intend on using the information therein to request the

necessary travel documents. (Ontiveros-Alexander Decl. ¶¶ 15-19.) Respondents do not explain why they expect to be successful in securing travel documents when they have not been able to obtain them for the last twenty years. Respondents argue that "ICE has been successful in recently removing to Vietnam," yet they provide no evidence to support this assertion. (Dkt. No. 4 at 5). Even if they did, "evidence that Respondents have successfully removed other Vietnamese citizens is insufficient to demonstrate a significant likelihood that Petitioner will receive a travel document." *Phan v. Warden of Otay Mesa Det. Facility*, 813 F. Supp. 3d 1179, 1186 (S.D. Cal. 2025). Nor do Respondents offer even an estimate of how long it would take to procure Petitioner's removal. Respondents thus have failed to meet their burden. *Id.*

Respondents finally argue that Petitioner is not entitled to relief because he has obstructed the removal process by refusing to fill out a travel document application. The cases Respondent cites deal with situations where the petitioner's refusal to cooperate in the removal process was the likely cause of their own detention, since removal was otherwise feasible. *See, e.g.*, *Pelich v. I.N.S.*, 329 F.3d 1057, 1059-60 (9th Cir. 2003); *Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003) (affirming denial of habeas petition where there was substantial evidence petitioner's failure to cooperate caused the government's inability to obtain travel documents). Here, Respondents have been unable to remove Petitioner for the past twenty years, and they do not provide any evidence to suggest that this has been due to Petitioner's continued noncooperation, rather than due to factors beyond Petitioner's or Respondents' control. Indeed, Respondents' own evidence suggests that they are able to request the travel documents without Petitioner's cooperation. (See Ontiveros-Alexander Decl. ¶¶ 16-18.) There is thus insufficient reason to believe Petitioner could be removed in the foreseeable future but for his own refusal to cooperate. Because relief is granted on this basis, this order does not reach the other grounds asserted in the Petition.

## IV. REMEDY

When a district court grants a writ of habeas corpus it may "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy"

for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the statutory violation identified above. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321–22 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from prolonged detention when there is no significant likelihood of removal in the reasonably foreseeable future. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008).

## V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **GRANTED**. Respondents shall immediately release Petitioner, within 24 hours of the filing of this Order at the latest, subject to supervision under the regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until (1) Respondents obtain a valid travel document for his removal, or a material change in circumstances makes his removal likely to occur in the reasonably foreseeable future, and (2) Respondents have followed all applicable statutory and regulatory procedures.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: November 25, 2026 at 5:22 p.m.

RITA F. LIN
United States District Judge